UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

WATSON TATEM, *ET AL.*          )
                                )
V.                              )   NO. 2:08-CV-208
                                )
FORD MOTOR COMPANY              )

## MEMORANDUM AND ORDER

Plaintiffs have sued the defendant Ford Motor Company ("Ford") under various legal theories regarding an allegedly defective recreational vehicle they purchased in 2006.

Ford has filed a motion for summary judgment. (Doc. 22). A hearing on the motion was held on January 26, 2010.

Summary Judgment is proper only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Supports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter that is in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Ford filed a statement of undisputed material facts[1] in conjunction with its motion for

---

[1] Doc. 24.

summary judgment. As part of their response to that motion for summary judgment, plaintiffs filed their statement of undisputed material facts.[2] For the most part, plaintiffs' Statement agrees with Ford's, although plaintiffs do assert a dispute with two of Ford's facts, as well as submitting three additional facts. For reasons discussed later in this opinion, neither the disputed facts nor the additional facts are material as far as the motion for summary judgment is concerned. The facts, as gleaned from both parties' statement of facts, are as follows:

In October 2007, plaintiffs purchased a recreational vehicle from A & L RV Sales in Johnson City, Tennessee. The vehicle was manufactured by Four Winds International Corporation ("Four Winds"). Four Winds constructed the vehicle upon a chassis purchased from Ford. Beyond selling the chassis to Four Winds, Ford played no role in the manufacture or assembling of the recreational vehicle.

A & L RV Sales is not an authorized Ford dealership; indeed, it has no relationship of any kind with Ford.

Ford provided an express warranty for the chassis, which required Ford to "repair, replace, or adjust various parts and components that are found to be defective in factory supplied materials and workmanship for thirty-six (36) months or thirty-six (36) thousand miles, whichever comes first." Ford's warranty covered the chassis and nothing else.

The warranty was the same as that provided by Ford on vehicles it manufactured, as a result of which most of the language in that warranty is irrelevant since the parties agreed that Ford's warranty covered only the chassis. The pertinent language in the warranty reads as follows:

---

[2]Doc. 38.

> Your satisfaction is our #1 goal. If you have questions or concerns, or are unsatisfied with the service you are receiving, follow these steps:
> 1. Contact your Sales Representative or Service Advisor at your selling/servicing dealership.
> 2. If your inquiry or concern remains unresolved, contact the Sales Manager, Service Manager, or Customer Relations Manager.
> 3. If you require assistance or clarification on Ford Motor Company policies or procedures, please contact the Ford Customer Relationship Center.

Further within the warranty booklet, this language appeared:

> **Ford Motor Company** and your selling dealer thank you for selecting one of our quality products. Our commitment to you and to your vehicle begins with quality protection and service.
>
> When you need warranty repairs, your selling dealer would like you to return it for that service, but you may also take your vehicle to another Ford Motor Company dealership authorized for warranty repairs. Certain warranty repairs require special training though, so not all dealers are authorized to perform all warranty repairs. That means that, depending on the warranty repair needed, the vehicle may need to be taken to another dealer. If a particular dealership cannot assist you, then contact the Customer Relationship Center at 1-800-392-3673.

The plaintiffs ultimately experienced problems with the recreational vehicle which allegedly is attributable to the chassis.[3] Plaintiffs took the vehicle to the dealer from which they purchased the recreational vehicle, A & L RV sales. A&L did not correct the problem.

Plaintiffs never took the vehicle to a Ford dealership. Plaintiffs argue that they were not required to take it to a Ford dealership, as such, but rather were required (or permitted) by the

---

[3]Ford's counsel suggested during argument that there was no problem with the chassis and therefore this suit should be dismissed. However, the lack of a problem with the chassis was not raised by the motion for summary judgment. Thus, this court justifiably assumed that at the very least Ford agreed that there was a dispute regarding the existence of a defect with the chassis.

3

warranty to take it to their "selling dealer," which was A & L RV Sales.

And thus the legal issue framed by Ford's motion for summary judgment: should plaintiffs' suit be dismissed because they did not take their recreational vehicle to a Ford dealership? Or, on the other hand, should the motion for summary judgment be denied because plaintiffs took their recreational vehicle to their "selling dealer," A & L RV Sales?

Ford utilized a warranty that did not really fit the situation. As written, the warranty was intended to apply to a vehicle entirely manufactured by Ford, not merely to a chassis sold to another manufacturer to be used as a component part. The warranty was something of a square peg forced into a round hole. To any reasonable person, the language of the warranty directed the buyer to take the recreational vehicle to the dealership where purchased. It would have been a simple matter for Ford to have drafted and supplied a warranty that applied to this precise situation, i.e., one that explicitly referred to the chassis, and which directed the buyer to take any problems with that chassis to a Ford vehicle dealer for repair. But, for whatever reason, Ford did not.

Although this court disagrees with the plaintiffs' argument that A & L RV Sales was Ford's actual or apparent agent, the language of the warranty at the very least created a latent ambiguity regarding what constituted the buyer's "selling dealer," and Ford was the author of that ambiguity.

Normally, the court would be content with stating that a disputed issue of material fact existed and simply deny the motion for summary judgment. However, to do so would ignore the equities of the situation. On the one hand, the language in the warranty was less than clear and, as already noted, Ford was the author of that language. On the other hand, Ford has been denied the opportunity to remediate the problem with the chassis, if in fact one exists.

Although the motion for summary judgment should be and hereby is DENIED, Ford should

4

be given the opportunity to inspect the vehicle by an "authorized Ford" dealer and, if Ford agrees that there is a problem, repair it.

Ford will arrange for an inspection of the vehicle to take place within ninety days. Ford will be responsible for the costs of towing or otherwise transporting the recreational vehicle to the dealership it selects to make the inspection.

After that inspection, the parties will pursue mediation, which shall be concluded within ninety days after the conclusion of the inspection by the Ford dealership. The parties will report to this court the results of that mediation by August 1, 2010, at the latest.

SO ORDERED:

                                                s/ Dennis H. Inman
                                           United States Magistrate Judge